### WEIS v. WEIS.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

**1. Divorce—Pleading—Making More Definite and Certain.**

In an action for divorce, an answer alleging that during enumerated months of a year plaintiff at various times and places within and around New York City was guilty of adultery with a person named, who supported plaintiff, is indefinite; and, on motion for a bill of particulars, defendant must, to the extent of his knowledge of the times and places at which the adultery was committed, set forth the particulars.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 346.]

**2. Same—Trial—Submission of Issues.**

An order in a suit for divorce directing the submission to a jury of the issue whether plaintiff, during enumerated months of a year, at various times and places within and around the city of New York, was guilty of adultery and lived with a person named, is erroneous, because the issue is too indefinite.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 486.]

Appeal from Special Term.

Action by Minnie L. Weis against Louis Weis. From an order denying a motion for a bill of particulars as to the allegations of the

answer, and from an order framing issues. for trial by jury, plaintiff appeals. Reversed as to motion for bill of particulars, and modified and affirmed as to order framing issues.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

A. F. Clark, for appellant.

E. T. Taliaferro, for respondent.

INGRAHAM, J. The action was for a divorce. The defendant's answer admitted the marriage, denied the other allegations of the complaint, and alleged as a separate defense that during the months of "April, May, June, July, and August of the year 1906 the plaintiff, at various times and places within and around the city of New York, the precise times and places not being known to the defendant, committed adultery and lived in adultery with one Albert Edward Tower, who, without other consideration than such adulteries, supported and maintained the said plaintiff and advanced to her large sums of money and other things of value." There is no demand for affirmative relief. The plaintiff then moved to compel the defendant to serve a bill of particulars specifying the times and particular places at which the plaintiff committed adultery and lived in adultery with said Tower, the particulars as to how said Tower supported and maintained the plaintiff, and the particular sums of money and other things of value advanced to the plaintiff by said Tower. This motion was denied. This allegation in the answer is indefinite and general. The defendant, to be justified in setting up such an answer to a charge of adultery against him, must have some knowledge as to the time and place at which the said adultery was committed; and to that extent I think the order should have been granted.

The order denying the motion for a bill of particulars is therefore reversed, and the defendant is required to serve a bill of particulars specifying the times and places at which he charges the plaintiff committed adultery.

The defendant also moved to frame issues for a trial before a jury. The court directed three issues as to the defendant's adultery to be tried by a jury, and also directed that the issue as to whether the plaintiff, during the months of April, May, June, July, and August, 1906, at various times and places within and around the city of New York, committed adultery and lived with one Albert E. Tower. I think this last issue is entirely too indefinite to submit to a jury, and the provision submitting that issue should therefore be stricken from the order, with leave, however, to the defendant to renew the motion to frame an issue as to the plaintiff's adultery after the service of a bill of particulars.

The result is that the order denying the motion for a bill of particulars should be reversed, and the motion granted to the extent indicated, and that the order framing issues should be modified as hereinbefore stated, and, as so modified, the order should be affirmed, with $10 costs and disbursements of the appeal to the plaintiff. All concur.